```
                                                      ┌─────────────────────────────────┐
                                                      │ USDC SDNY                       │
                                                      │ DOCUMENT                        │
                                                      │ ELECTRONICALLY FILED            │
                                                      │ DOC #: _____        │
                                                      │ DATE FILED: 3/5/2024            │
                                                      └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
FERRIS CHRISTIAN,                          :
                                           :
                              Plaintiff,   :            1:23-cv-10823-GHW
                                           :
                  -against-                :               ORDER
                                           :
JULISSA LOPEZ, *et al.*,                   :
                                           :
                              Defendants.  :
                                           :
------------------------------------------------------------ X

GREGORY H. WOODS, District Judge:

Plaintiff filed his complaint on December 13, 2023. Dkt. No. 1. Since then, Plaintiff has

failed to appear at three conferences. *See* Dkt. Nos. 6 (ordering the parties to appear at the February

22, 2024 initial pretrial conference), 11 (ordering the parties to appear at conferences on March 1,

2024 and March 5, 2024), 12 (once again ordering the parties to appear at the March 5, 2024

conference).

In its February 22, 2024 order, the Court stated that "Plaintiff must attend both [the March

1, 2024 and March 5, 2024] conferences" and that "[i]f Plaintiff does not appear at the conferences,

that will result in the Court dismissing his claims against Defendants for failure to prosecute." Dkt.

No. 11 at 2. In its March 1, 2024 order, the Court again stated that "Plaintiff must attend the March

5, 2024 conference," adding that if he does not, "the Court will dismiss his case for failure to

prosecute." Dkt. No. 12 at 2.

The Court, the Court's staff, and the defendants' counsel all appeared at the March 5, 2024

conference. But Plaintiff did not. This is Plaintiff's third failure to appear for a Court-scheduled

conference. Plaintiff has provided no justification for his failure to appear. In sum, Plaintiff is

taking no steps to prosecute his case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of this action for failure to prosecute is warranted here. Plaintiff has failed to comply with three of the Court's orders. He failed to appear at three Court-scheduled conferences at which he was ordered to appear. *See* Dkt. Nos. 6, 11, 12.

Plaintiff has given no indication that he intends to prosecute this action. Given Plaintiff's failure to heed the Court's orders, despite ample time to do so and repeated notice that his case would be dismissed for failure to prosecute, *see* Dkt. Nos. 11 at 2, 12 at 2, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit [his claims] to remain on the Court's docket," *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). In light of these circumstances, the Court does not believe that any lesser sanction other than dismissal would be effective. However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no

activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, Plaintiff's claims against the defendants are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  March 5, 2024
      New York, New York

                                        GREGORY H. WOODS
                                   United States District Judge