```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
FERRIS CHRISTIAN,                                              :
                                                               :
                                    Plaintiff,                 :    1:23-cv-10823-GHW
                                                               :
                         -v –                                  :    ORDER
JULISSA LOPEZ, et al.,                                         :
                                                               :
                                    Defendants.                :
                                                               :
-------------------------------------------------------------- :
                                                               X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2024

GREGORY H. WOODS, United States District Judge:

On March 5, 2024, the Court dismissed this action for failure to prosecute. Dkt. No. 13. Previously, Plaintiff consented to receive electronic service of filings and notices in this case. *See* Dkt. No. 10. In his consent form, he agreed to monitor the docket for filings and acknowledged that he would no longer receive paper copies of filings in this case. *Id.* Therefore, he received notice of the dismissal order on March 5, 2024, when it was filed on the docket. On April 16, 2024, Plaintiff filed requests for an extension of time to file a notice of appeal and for leave to proceed *in forma pauperis*. Dkt. Nos. 15, 16. Both requests are denied.

In a civil case, a plaintiff ordinarily has 30 days from the entry of the judgment or order appealed from to file a notice of appeal. Fed. R. App. P. ("FRAP") 4(a)(1)(A). The Court may extend the time to file a notice of appeal if the following conditions are satisfied:

(i)  a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FRAP 4(a)(5)(A). As the words of the rule indicate, the burden is on the movant—here, Plaintiff— to "show[] excusable neglect or good cause" to warrant an extension of the time to appeal. *Id.*

Plaintiff has failed to do so here.

Plaintiff filed his motion to extend the 30-day time period to file a notice of appeal 11 days after expiration of the 30-day period. In support of his motion, Plaintiff asserts only that "Defendants Julissa Lopez and Citibank was service personal, and 2022 New York Laws CVP-civil Practice Law and Rules Article 3 Jurisdiction and service, appearance and choice of court 308 personal service upon a natural person." Dkt. No. 15.

Construing the request in the light most favorable to the *pro se* Plaintiff, as it must, the Court does not find good cause for Plaintiff's delay in filing this request. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014). Plaintiff does not provide any reason at all for his delay, let alone demonstrate good cause. Therefore, Plaintiff's request for an extension of time to file a notice of appeal is denied. The Court notes that its dismissal of this action was without prejudice, which means that Plaintiff is not precluded from filing the action again in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order or from the March 5, 2024 order of dismissal would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal of either order. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Further, because the deadline for filing a notice of appeal of the March 5, 2024 has passed and no extension will be granted, Plaintiff's motion to proceed *in forma pauperis* on an appeal of that order is also moot. *See, e.g.*, *Gunn v. Annucci*, 2022 WL 1544698 (S.D.N.Y. Mar. 31, 2022). The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 15 and 16.

SO ORDERED.

Dated: April 17, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge